IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 13, 2015

## FEDERAL NATIONAL MORTGAGE ASSOCIATION v. DANNY O. DANIELS

**Appeal from the Circuit Court for Haywood County**
**No. 2012CV4085     Clayburn Peeples, Judge**

_____

**No. W2015-00999-COA-R3-CV – Filed December 21, 2015**
_____

This appeal arises from the trial court's grant of summary judgment in favor of Plaintiff in an unlawful detainer action. The property at issue was sold in a foreclosure sale, and the purchaser assigned its interest in the property to Plaintiff. Plaintiff filed this unlawful detainer action seeking possession of the property from Defendant. The General Sessions Court entered judgment in favor of Plaintiff, and Defendant appealed to the Circuit Court. In the Circuit Court, Defendant asserted that the property was wrongfully foreclosed because he was not in default at the time foreclosure proceedings were initiated. The Circuit Court granted summary judgment in favor of Plaintiff, and Defendant appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, and KENNY ARMSTRONG, JJ., joined.

Stephen R. Leffler, Memphis, Tennessee, for the appellant, Danny O. Daniels.

Edward D. Russell, Brentwood, Tennessee, for the appellee, Federal National Mortgage Association.

## OPINION

### I.   BACKGROUND AND PROCEDURAL HISTORY

On August 15, 2005, Danny and Gloria Daniels executed a promissory note evidencing a home loan in the amount of $120,150. The promissory note was secured by a

deed of trust on the Daniels's home at 2455 Forked Deer Road, Ripley Tennessee. Both Mr. Daniels and Ms. Daniels signed the deed of trust and, in doing so, agreed to be held jointly and severally liable for all obligations and liability arising under it. The beneficiary under the deed of trust was First South Bank, the original lender. In 2010, the promissory note and deed of trust were assigned to Nationstar Mortgage, LLC ("Nationstar").

In addition to the regularly scheduled payments due under the promissory note, the deed of trust required the Daniels to pay premiums for private mortgage insurance to protect the lender and subsequent purchasers of the promissory note from losses incurred if the Daniels failed to repay the loan as agreed. The promissory note provided that the Daniels's failure to pay the full amount of each monthly payment on the date it was due would result in default. In the event of default, the deed of trust provided the lender with the option to sell the property at public auction. In part, the deed of trust provided that:

> If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale. Lender or its designee may purchase the Property at any sale.

> Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. . . . If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of the purchaser and hereby agrees to pay the purchaser the reasonable rental value of the Property after sale.

Ms. Daniels passed away in August 2007. In 2009, Mr. Daniels began to fall behind on his monthly payments. On May 19, 2011, Nationstar sent a letter to inform Mr. Daniels that he was in default under the terms of the promissory note and that failure to cure the default within 35 days might result in acceleration of all sums due and a foreclosure sale of the property. Mr. Daniels applied for a loan modification but was notified that the loan would not be modified. Nationstar subsequently accelerated the balance due under the note and initiated foreclosure proceedings.

The property was sold at auction on August 17, 2011, at the Haywood County courthouse. Nationstar was the high bidder and purchased the property for $101,749.22. Pursuant to federal law, Nationstar issued IRS Form 1099-As ("Form 1099-A") to Mr. Daniels and Ms. Daniels reflecting that it had acquired an interest in the property in partial satisfaction of their indebtedness on it.[1] Nationstar subsequently assigned its interest in the property to the Federal National Mortgage Association ("FNMA"). (*Id.* at 361) A trustee's deed reflecting the transfer of ownership to FNMA was recorded in the Haywood County Register's Office on September 2, 2011.

On October 4, 2011, FNMA filed an unlawful detainer action against Mr. Daniels for possession of the property in the Haywood County General Sessions Court. Following Mr. Daniels's unsuccessful attempt to remove the matter to federal court, the General Sessions Court entered a judgment in favor of FNMA on November 7, 2012. Shortly thereafter, Mr. Daniels filed a timely notice of appeal to the Haywood County Circuit Court.

FNMA filed a motion for summary judgment in the Circuit Court on October 17, 2013. Mr. Daniels did not file a response to the motion, and the Circuit Court granted summary judgment in favor of FNMA on December 16, 2013. Shortly thereafter, however, Mr. Daniels filed a motion to alter or amend the judgment in which he asserted that he never received notice of FNMA's motion for summary judgment. Following a hearing, the Circuit Court entered an order in which it set aside its previous order granting summary judgment in favor of FNMA.

On April 2, 2014, Mr. Daniels filed a request for admissions. In part, Mr. Daniels requested that FNMA admit that Nationstar mortgage forgave the debt owed by Ms. Daniels's estate on the promissory note on August 17, 2011—the date of the foreclosure sale. Mr. Daniels also requested that FNMA admit the authenticity of the Form 1099-As that Nationstar issued Mr. Daniels and Ms. Daniels on that date and admit that Ms. Daniels was covered by a private mortgage insurance policy at the time of her death in August 2007. Along with the request for admissions, Mr. Daniels filed a request seeking production of, among other things, (1) documents from predecessors in interest having an interest in the mortgage and promissory note and establishing proof of ownership and the right to foreclose on the property, (2) assignments filed in Haywood County with respect to the mortgage and note, (3) all private mortgage insurance policies related to the property, (4) documents showing that the mortgage and/or note were bundled and sold as a security, and (5)

_____

[1] Under federal income tax laws, any person who, in connection with his or her trade or business, lends money secured by property must provide the borrower with a Form 1099-A if the lender "in full or partial satisfaction of any indebtedness, acquires an interest in any property which is security for such indebtedness . . . ." 26 U.S.C. § 6050J(a)(1).

documents showing that any private mortgage insurance provider refused to pay off debt related to the property.

In response to Mr. Daniels's discovery requests, FNMA filed a motion seeking an order of protection to protect FNMA from being required to respond to Mr. Daniels's discovery requests on the grounds that the evidence sought was neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. FNMA argued that the documents Mr. Daniels requested related to the ownership history of the promissory note and Nationstar's right to foreclose on the property which were not relevant because Mr. Daniels did not dispute either the validity of Nationstar's lien on the property, or that the promissory note was endorsed in blank and transferred to Nationstar prior to the foreclosure sale. Additionally, FNMA asserted that documents related to private mortgage insurance on the property were not relevant because such a policy does not provide protection to borrowers but rather protects lenders in the event that proceeds from the sale of a foreclosed property are insufficient to cover the balance outstanding on the loan. Mr. Daniels filed a response opposing FNMA's motion for a protective order in which he argued that discovery related to private mortgage insurance on the property was necessary to determine whether Nationstar wrongfully foreclosed on the property. Mr. Daniels asserted that the Form 1099-As reflected that his debt on the property had been discharged. Mr. Daniels theorized that Nationstar's transmission of the Form 1099-As raised a question of whether all debt owed on the promissory note was paid under the private mortgage insurance policy following Ms. Daniels's death in August 2007. Mr. Daniels asserted that if private mortgage insurance had indeed paid the outstanding debt prior to Nationstar's initiation of foreclosure proceedings, Nationstar had no right to foreclose on the property or assign an interest in the property to FNMA.

After conducting a hearing on the matter, the Circuit Court granted FNMA's motion for protective order in its entirety on October 15, 2014.

On October 10, 2014, FNMA filed a second motion for summary judgment, along with a memorandum of law and statement of undisputed facts. According to FNMA's filings, the undisputed evidence in the record showed that: Mr. Daniels and Ms. Daniels executed the promissory note secured by a deed of trust on the property in August 2005; the promissory note was assigned to Nationstar in November 2010; Mr. Daniels fell behind on payments due under the promissory note and was in default in May 2011 when Nationstar notified him that it intended to initiate foreclosure proceedings; Nationstar conducted a foreclosure sale in compliance with the deed of trust and Tennessee law; and Nationstar purchased the property at the foreclosure sale and subsequently assigned its interest in the property to FNMA. FNMA asserted that because the deed of trust established a

4

landlord/tenant relationship between a foreclosure sale purchaser and the borrower, Mr. Daniels was a tenant at will of FNMA and subject to eviction at its election.

In response to FNMA's motion for summary judgment, Mr. Daniels requested that the Circuit Court deny FNMA's motion for summary judgment and set aside its protective order to allow further discovery related to the private mortgage insurance on the property. In both his written memorandum and his response to FNMA's statement of undisputed facts, Mr. Daniels asserted that further discovery was necessary to determine whether all outstanding debt owed under the promissory note was forgiven prior to the foreclosure sale. Mr. Daniels submitted an affidavit in which he asserted that the Form 1099-As Nationstar transmitted to him indicated that the debt on the property had been forgiven, and that Ms. Daniels was covered by a private mortgage insurance policy intended to satisfy the mortgage indebtedness upon her death in August 2007. The affidavit did not contain any further explanation of the evidentiary materials that Mr. Daniels needed to oppose summary judgment.

On January 9, 2015, the Circuit Court entered an order on FNMA's motion for summary judgment. In part, the Circuit Court's order stated:

> Mr. Daniels cannot rely on the IRS Form 1099-A for his assertion that the loan was satisfied before the foreclosure sale. Only after a foreclosure sale does the lender send the required Form 1099-A, and, that form only reflects a loss or gain to be reported on the borrowers' tax return.

> Mr. Daniels' additional claim that the private mortgage insurance ("PMI") should have satisfied the Note is also incorrect. Paragraph 10 of the Trust Deed expressly provides that the PMI is for the benefit of the lender and that insurance is not for the benefit of Mr. Daniels. The PMI does not relieve the borrower from the obligation to pay on the loan. He is not entitled to any benefit from the PMI. Because there was no privity of contract with the mortgage insurer, Mr. Daniels cannot assert a claim under the PMI. The PMI does not affect [FNMA]'s standing.

(internal citations omitted). The Circuit Court determined that because the deed of trust established a landlord/tenant relationship between the foreclosure sale purchaser and the borrower, Mr. Daniels was considered a tenant at will of FNMA. The Circuit Court therefore concluded that FNMA was entitled to possession of the property and granted its motion for summary judgment.

Mr. Daniels subsequently filed a motion to alter or amend judgment arguing that he was not able to adequately respond to FNMA's motion for summary judgment because he

5

was prevented from conducting discovery related to the effect of the Form 1099-A and private mortgage insurance policy. Following a hearing, the Circuit Court entered an order denying Mr. Daniels's motion to alter or amend on May 10, 2015. Mr. Daniels filed a timely notice of appeal to this Court on May 27, 2015.

## ISSUE PRESENTED

The sole issue Mr. Daniels presents on appeal, as stated in his appellate brief, is:

1.      Whether the trial court committed error by denying Mr. Daniels the opportunity to take discovery.

## STANDARD OF REVIEW

On appeal, we review a trial court's ruling on a motion for summary judgment de novo, with no presumption of correctness. *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we must make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013). A trial court's grant of summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

The party moving for summary judgment bears the ultimate burden of establishing that judgment in its favor is appropriate as a matter of law because there are no disputed material facts that create a genuine issue for trial. *Thompson v. Memphis City Sch. Bd. of Educ.*, 395 S.W.3d 616, 622 (Tenn. 2012). "If the moving party makes a properly supported motion for summary judgment, the burden of production shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact requiring trial." *Town of Crossville Hous. Auth. v. Murphy*, 465 S.W.3d 574, 578 (Tenn. Ct. App. 2014) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). A disputed fact is "material" if it must be decided in order to resolve the substantive claim or defense at which the summary judgment motion is directed. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *Byrd*, 847 S.W.2d at 215). A disputed fact only presents a "genuine issue" if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.* In determining whether to award summary judgment, the trial court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Id.* If the nonmoving party seeks to continue a motion for summary judgment by submitting an affidavit requesting additional time for discovery in compliance with Tennessee Rule of Civil Procedure 56.07, we review the trial court's decision to deny additional time for discovery

6

for an abuse of discretion. *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009).

## ANALYSIS

Tennessee's unlawful detainer statute creates a right to bring a cause of action for a writ of possession when a lessee remains on leased property after the lease has been terminated. *Cain P'ship Ltd. v. Pioneer Inv. Servs. Co.*, 914 S.W.2d 452, 456 (Tenn. 1996). The statute provides:

> Unlawful detainer is where the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion.

Tenn. Code Ann. § 29-18-104 (2012). When a deed of trust establishes that, in the event of a foreclosure, a landlord/tenant relationship is created between the foreclosure sale purchaser and the mortgagor in possession of the property, constructive possession is conferred on the foreclosure sale purchaser upon the passing of title; that constructive possession provides the basis for maintaining the unlawful detainer. *See CitiFinancial Mortg. Co., Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *7 (Tenn. Ct. App. Jan. 11, 2007) (citing *Metro. Life Ins. Co. v. Moore*, 72 S.W.2d 1050, 1051 (Tenn. Ct. App. 1934)). Thus, to succeed on its motion for summary judgment, FNMA was required to establish (1) its constructive possession of the property and (2) its loss of possession by Mr. Daniels's act of unlawful detainer. *See id.* (citing *Foster v. Hill*, 510 S.W.2d 520, 522 (Tenn. Ct. App. 1973)).

As an initial matter, we conclude that FNMA's motion for summary judgment was properly supported. In support of its motion for summary judgment, FNMA produced evidence that established its constructive possession of the property at issue. Specifically, FNMA submitted copies of the promissory note and deed of trust that Mr. Daniels signed in August 2005. Those documents reflect that Mr. Daniels agreed to make monthly payments due under the promissory note and that his failure to do so would result in a default conferring a power of sale on the holder of the promissory note. The documents also provide that, in the event of a foreclosure sale, Mr. Daniels was required to surrender the property immediately or became a tenant at will of the foreclosure sale purchaser and pay the reasonable rental value of the property. FNMA provided a letter indicating that the promissory note was transferred to Nationstar in November 2010 and a summary of Mr. Daniels's payment history reflecting that he defaulted on his payment obligations under the

7

promissory note in May 2011. FNMA submitted documents reflecting that, as a result of Mr. Daniels's default, Nationstar initiated foreclosure proceedings in accordance with the promissory note and deed of trust. FNMA submitted a copy of a trustee's deed reflecting that Nationstar purchased the property as the highest bidder at the foreclosure sale and subsequently assigned its interest in the property to FNMA. Finally, FNMA submitted copies of the Form 1099-As that Nationstar issued to the Danielses following its purchase of the property at the foreclosure sale. FNMA asserted that because a Form 1099-A is only sent following a foreclosure sale to inform the borrower that the lender has acquired an interest in the secured property, the Form 1099-As could not lead a reasonable person to conclude that the Daniels's debt was forgiven prior to the foreclosure. Accordingly, FNMA asserted that Mr. Daniels's reliance on the Form 1099-As to assert that Nationstar wrongfully foreclosed on the property was misplaced. In light of that evidence, we conclude that, along with its motion for summary judgment, FNMA produced evidence to establish its unlawful detainer claim against Mr. Daniels. [2]

As we previously discussed, when a party submits a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact requiring trial. *Town of Crossville Hous. Auth.*, 465 S.W.3d at 578. The nonmoving party may satisfy its burden of production and avoid summary judgment by:

> (1) pointing to evidence either overlooked or ignored by the moving party that creates a factual dispute, (2) rehabilitating evidence challenged by the moving party, (3) producing additional evidence that creates a material factual dispute, or (4) submitting an affidavit in accordance with Tenn. R. Civ. P. 56.07 requesting additional time for discovery.

*Regions*, 310 S.W.3d at 401 (quoting *Rains v. Bend of the River*, 124 S.W.3d 580, 587–88 (Tenn. Ct. App. 2003)). Here, it appears that Mr. Daniels attempted to satisfy his burden of production and avoid summary judgment by requesting additional time for discovery pursuant to Tennessee Rule of Civil Procedure 56.07. Although Mr. Daniels's response does not specifically cite Rule 56.07, Mr. Daniels asserted the need for further discovery in both

---

[2] When the party filing a motion for summary judgment has the burden of persuasion at trial, it must produce evidence for all unadmitted elements of its claim, and the evidence must be such that, if uncontradicted, no reasonable jury could find against the movant and the movant would be entitled to a directed verdict at trial. Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 9-4(m) (4th ed. 2015). Here, there was no dispute that Mr. Daniels continued to possess the property following the foreclosure sale. Thus, the only unadmitted element of an unlawful detainer action that FNMA was required to produce evidence in support of was its constructive possession of the property.

his written memorandum and his response to FNMA's statement of undisputed facts. Mr. Daniels also submitted his own affidavit that, in pertinent part, stated:

> 2. In 2011, I received the attached IRS Form 1099 indicating that on August 17, 2011, Nationstar Mortgage, 350 Highland Drive, Lewisville, Texas, forgave the debt I owed for the debt due to Nationstar Mortgage on the mortgage indebtedness on 2455 Forked Deer Road, Ripley, Tennessee. The document attached as Exhibit One (IRS Form1099) is an authentic copy of the document received by me at that time.

> 3. My wife, Gloria Daniels died on August 20, 2007. The death certificate attached as Exhibit Two hereto as Exhibit Two is an authentic copy of the death certificate of Gloria Daniels.

> 4. In 2011, I received a similar IRS Form 1099 indicating that on August 17, 2011, Nationstar Mortgage, also forgave the debt owed by the Estate of Gloria Daniels, my wife who died on August 20, 2007, for the debt due to Nationstar Mortgage on the mortgage indebtedness on 2455 Forked Deer Road, Ripley, Tennessee. The document attached as Exhibit Three (IRS Form1099) is an authentic copy of the document received after the death of Gloria Daniels.

> 5. On August 20, 2007, Gloria Daniels was a mortgagor for the property at 2455 Forked Deer Road, Ripley, Tennessee.

> 6. On August 20, 2007, Gloria Daniels was covered by PMI insurance for the mortgage debt for the property at 2455 Forked Deer Road, Ripley, Tennessee. PMI insurance is intended to satisfy mortgage indebtedness upon the death of a mortgage obligor covered under the PMI policy.

Having carefully reviewed the filings Mr. Daniels submitted in response to FNMA's motion for summary judgment, we conclude that Mr. Daniels failed to comply with the requirements of Rule 56.07. Rule 56.07 was enacted to serve as a safeguard against an improvident or premature grant of summary judgment by insuring that a diligent party is given a reasonable opportunity to prepare its case. *See Kenyon v. Handal*, 122 S.W.3d 743, 753 n.7 (Tenn. Ct. App. 2003) (citations omitted). The rule provides that:

> Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a

9

continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Tenn. R. Civ. P. 56.07. Thus, an affidavit submitted by a party seeking further discovery pursuant to Rule 56.07 need not contain evidentiary facts related to the substantive merits of the case; rather, it must explain why the nonmoving party has not been able to obtain and present the evidentiary material needed to oppose the summary judgment motion. *Kenyon*, 122 S.W.3d at 753 n.7; *see also* 4 Nancy Fraas MacLean, *Tennessee Practice Series-Rules of Civil Procedure Annotated* § 56:9 (4th ed. 2006) ("The request for a continuance must be based upon affidavit stating the reasons why the party is unable to present by affidavit facts essential to justify opposition to the motion for summary judgment."). When the nonmoving party seeks to continue a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56.07, we review the trial court's decision to deny the continuance for an abuse of discretion. *Regions*, 310 S.W.3d at 401. The statements in Mr. Daniels's affidavit relate solely to the substantive merits of his position; it does not state the reasons why he is unable to present by affidavit the facts needed to oppose FNMA's motion for summary judgment. Thus, because Mr. Daniels failed to comply with Rule 56.07, we conclude that the Circuit Court did not abuse its discretion in denying his request for further discovery.

Moreover, even assuming that Mr. Daniels submitted his request for further discovery in compliance with Rule 56.07, summary judgment would have nevertheless been appropriate because the discovery he sought was irrelevant to determining whether or not FNMA was entitled to summary judgment. A trial court's decision to deny a request for discovery "must be viewed in the context of the issues being tried and the posture of the case at the time the request for discovery is made." *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 538 (Tenn. Ct. App. 2012) (quoting *Regions*, 310 S.W.3d at 401)). Thus, even if Mr. Daniels had complied with Rule 56.07, summary judgment would have been appropriate if the requested discovery would not have assisted him in responding to FNMA's motion for summary judgment. *See Regions*, 310 S.W.3d at 401 (citing *Simmons v. State Farm Gen. Ins. Co.*, No. W2003–02643–COA–R3–CV, 2004 WL 2715341, at *5 (Tenn. Ct. App. Nov. 24, 2004) (*no perm. app. filed*)). Mr. Daniels argues on appeal that the Circuit Court abused its discretion in denying him the opportunity to conduct further discovery related to the private mortgage insurance policy maintained on the property. Mr. Daniels theorizes that, based on the Form 1099-As, a reasonable person could conclude that his debt under the promissory note was paid pursuant to a private mortgage insurance policy following Ms. Daniels's death in August 2007, and that Nationstar therefore wrongfully foreclosed on the property and had no right to purchase the property through foreclosure or transfer any interest in it to FNMA.[3] Simply put, Mr. Daniels asserts that a reasonable person could conclude that

---

[3] In his appellate brief, Mr. Daniels states:

FNMA lacked constructive possession of the property. Mr. Daniels's theory fails, first and foremost, because it is based on an inaccurate assertion that Nationstar's transmission of the Form 1099-As could lead a reasonable person to conclude that Mr. Daniels's obligation to make payments under the promissory note was discharged prior to foreclosure. Federal law requires any person who, in connection with his or her trade or business, lends money secured by property to provide the borrower with a Form 1099-A if the lender "in full or partial satisfaction of any indebtedness, acquires an interest in any property which is security for such indebtedness . . . ." 26 U.S.C. § 6050J(a)(1). Nationstar acquired an interest in the property by purchasing it at the foreclosure sale and was therefore required to provide the Daniels with a Form 1099-A. Thus, by its very definition, a Form 1099-A does not reflect that Nationstar or any of its successors in interest forgave the debt owed under the promissory note prior to foreclosure sale; rather, it only reflects that Nationstar acquired an interest in the property at the foreclosure sale. Contrary to Mr. Daniels's assertion, no reasonable person could conclude that the Form 1099-As are evidence that Mr. Daniels's debt under the promissory note was forgiven or that Nationstar wrongfully foreclosed on the property.[4] Moreover, accepting Mr. Daniels's theory requires an incorrect understanding of private mortgage insurance. Private mortgage insurance protects lenders from mortgage default risk; it does not relieve borrowers of the obligation to pay amounts due under the promissory note. *See* BLACK'S LAW DICTIONARY 924 (10th ed. 2014). That principle is clearly set forth in Section 10 of the deed of trust, which addresses the Daniels's obligation to maintain private mortgage insurance:

> Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

---

> Daniels made a good faith showing that the 1099s were issued to Daniels by an FNMA predecessor in interest; that prior to the issuance of the 1099s, Daniels' wife had died; that the Daniels had PMI insurance on the property that presumably would have covered the death of a mortgage obligor; and that there is no other reasonable explanation for the issuance of the 1099s other than forgiveness of the mortgage indebtedness. These facts, taken together, would lead a reasonable person to question whether the PMI had paid off the debt on the property before FNMA obtained it.

[4] As an aside, we note that the payment history submitted along with FNMA's motion for summary judgment reflects that although Mr. Daniels fell behind on his monthly payments, he continued to make payments sporadically until at least April 2011. Thus, given Mr. Daniels's assertion that his obligations under the promissory note were discharged by private mortgage insurance after Ms. Daniels passed away in August 2007, we find it curious that Mr. Daniels does not purport to advance any claim for payments erroneously made after that date.

11

The fact that a private mortgage insurance policy was in effect at the time of Ms. Daniels's death in August 2007 would not have had any effect on Mr. Daniels's obligation, having also signed the promissory note as a borrower, to continue making payments to avoid default. The payment history that FNMA submitted along with its motion for summary judgment reflects that he failed to do so. Thus, even viewing the record in the light most favorable to Mr. Daniels and allowing all reasonable inferences in his favor, there is no evidence in the record from which a reasonable person could find that Nationstar wrongfully foreclosed on the property.

In sum, Mr. Daniels's theory that Nationstar wrongfully foreclosed on the property is based on an inaccurate assertion that the Form 1099-A could lead a reasonable person to conclude that Mr. Daniels's debt under the promissory note was discharged prior to foreclosure and an incorrect understanding of private mortgage insurance. The undisputed evidence demonstrates that Mr. Daniels's debt was not discharged, and further discovery related to private mortgage insurance would not have assisted Mr. Daniels in demonstrating any genuine issue of material fact. We therefore conclude for these additional reasons that the Circuit Court did not abuse its discretion in denying Mr. Daniels's discovery requests. The judgment of the Circuit Court is affirmed.

## CONCLUSION

Based on the foregoing, the judgment of the Circuit Court is affirmed. The costs of this appeal are taxed to the Appellant, Danny O. Daniels, and his surety, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE