# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 20, 2016 Session

## CHRISTOPHER DENTON V. EDNA TAYLOR ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 14C322     W. Jeffrey Hollingsworth, Judge**

---

### No. E2015-01726-COA-R3-CV-FILED-JULY 25, 2016

---

This case arises out of a head-on automobile accident that resulted in the death of Howard Taylor, the driver of one of the cars, and serious injuries to Christopher Denton (plaintiff), the other driver. Plaintiff brought this negligence action against the decedent's widow, Edna Taylor, and his estate.[1]  There were no witnesses to the accident, and plaintiff has no memory of what happened. Some fifteen months after the complaint was filed, the sole remaining defendant, Edna Taylor, moved for summary judgment, arguing that plaintiff's evidence was insufficient to establish causation. In support of the motion, defendant filed the affidavit of the officer who investigated the accident, in which he stated that he "wasn't able to locate any roadway evidence that indicated the point of impact." After a hearing on defendant's motion, plaintiff filed a motion asking the trial court to grant him more time to obtain and file an accident reconstruction "report." The court denied the motion and granted summary judgment on the ground that plaintiff provided no evidence establishing that the decedent's negligence caused the accident. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Valerie W. Epstein, Chattanooga, Tennessee, for appellant, Christopher Denton.

Douglas M. Campbell, Chattanooga, Tennessee, for appellee, Edna Taylor.

---

[1] The plaintiff moved the trial court to enter a default judgment against the "Estate of Howard Taylor." Counsel for the defendant Edna Taylor objected to the plaintiff's motion, noting that "[a]t this time, no estate has ever been opened on behalf of Howard Taylor." Because of this deficiency, Ms. Taylor states that there was no valid service as to the "estate." There is no order in the record addressing this issue. The case proceeded only as to defendant Edna Taylor.

**OPINION**

**I.**

The accident happened on March 5, 2013. The decedent was pronounced dead at the scene. As previously noted, the plaintiff does not remember anything about the accident. The complaint was filed on March 4, 2014. Following discovery, defendant moved for summary judgment on June 12, 2015. Defendant filed the affidavit of Hamilton County Sheriff's Department deputy Robert Stockburger, in which he recited that, to the best of his knowledge, there were no witnesses to the accident. The deputy also stated that he had examined, photographed, and mapped the accident scene, but was not able to determine the point of impact. The Plaintiff responded, arguing that summary judgment was not appropriate. He pointed to the accident report in which the officer stated that the Hamilton County Medical Examiner's post-mortem toxicology test results of the decedent indicated that there was hydrocodone and hydromorphone in his system.

The hearing on the summary judgment motion took place on August 3, 2015. According to plaintiff's brief, "[a]t the hearing, Plaintiff's counsel discussed obtaining a professional accident reconstruction report as additional evidence for the summary judgment stage and asked for the court's permission to present the report to the court." There is no transcript of the motion hearing. After the hearing concluded, on the same day, plaintiff filed a one-sentence motion, in which he stated the following: "[c]omes now the Plaintiff, by and through counsel, pursuant to Tennessee Rule of Civil Procedure 6 and files this [m]otion for [e]nlargement of [t]ime to [f]ile an [a]ccident [r]econstruction [r]eport as an exhibit to its [r]esponse to Defendant's [m]otion for [s]ummary [j]udgment." On August 6, 2015, the trial court entered a memorandum opinion and order granting summary judgment to defendant and dismissing plaintiff's claims with prejudice, stating:

> The Defendant has filed a motion for summary judgment, alleging there is no proof of how the accident happened and, therefore, no proof of negligence or causation of the Plaintiff's injuries. In his motion, the Defendant asserts the following undisputed facts:
>
> 1. At the Erlanger emergency room, the Plaintiff told the hospital personnel that he had no recollection of the accident.
>
> 2. At the time the Plaintiff responded to the Defendant's proposed statement of undisputed facts, he admitted he did not recall the impact.

3. Howard Taylor, the driver of the other car, was killed in the accident.

The Defendant also presented, in support of his motion, the affidavit of Deputy Robert Stockburger of the Hamilton County Sheriff's Department. Deputy Stockburger stated he was called to the scene of the accident when it happened. He states in his affidavit that he examined, photographed and mapped the scene and found no evidence indicating the point of impact. There is no other evidence provided by either party as to how the accident happened or where the impact occurred.

The Plaintiff's response centers on the fact that Mr. Taylor, who died in the accident, had significant amounts of prescription opiates in his system. The Plaintiff argues that the existence of those opiates is prima faci[e] evidence or, at least lead to a reasonable inference that Mr. Taylor was intoxicated. Being intoxicated while operating a motor vehicle is negligent. The Plaintiff also argues that it was foreseeable that an accident could result from that intoxication.

The Plaintiff's argument is valid, as far it goes. The issue the Plaintiff's argument does not address is causation. Assuming, for the sake of this motion, that Mr. Taylor was under the influence, there is no evidence that his intoxication caused the accident. There is no evidence that Mr. Taylor crossed over into the Plaintiff's lane of travel or did anything else to cause the collision. As noted previously, the Plaintiff does not remember the incident and Deputy Stockburger states that he found nothing at the scene indicating on which side of the road the collision occurred.

\*   \*   \*

Based on the pleadings in this case, the Plaintiff has not produced any evidence of causation. The motion for summary judgment was filed on June 12, 2015. The Plaintiff responded. He did not request additional time to conduct

3

discovery or obtain additional affidavits. In argument of the motion, the Plaintiff's lawyer mentioned the absence of accident reconstruction. However, there has been no designation of any experts or a request for time to get one.

Based upon the pleadings in this file, the Court finds there is no evidence that Mr. Taylor's alleged intoxication caused the accident and the Plaintiffs injury. The causation is, of course, an essential element of this Plaintiff's claim. Therefore, the Defendant has established that the Plaintiff does not have sufficient evidence to prove that essential element.

On August 26, 2015, the trial court entered an order denying plaintiff's motion for additional time, finding it "not well taken or proper." The order noted that a hearing on plaintiff's motion had taken place two days earlier. Thereafter, plaintiff timely filed a notice of appeal.

**II.**

Plaintiff raises the following issues, as quoted from his brief:

1. Whether the trial court erred when it did not give the plaintiff more time to obtain an accident reconstruction report before ruling on the defendant's motion for summary judgment.

2. Whether the trial court improperly granted summary judgment based on its perception of insufficient evidence to prove causation.

**III.**

A trial court's decision as to whether it should grant or deny a request for more time is a matter that falls squarely within the court's discretion. This is true whether the analysis is done under Tenn. R. Civ. P. 6.02, which provides that "[w]hen . . . an act is required or allowed to be done at or within a specified time, the court for cause shown *may*, *at any time in its discretion*, . . . upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect," (emphasis added), or under Tenn. R. Civ. P. 56.07, which applies to a court's consideration of a motion for summary judgment. Rule 56.07 states:

4

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"If the nonmoving party seeks to continue a motion for summary judgment by submitting an affidavit requesting additional time for discovery in compliance with Tennessee Rule of Civil Procedure 56.07, we review the trial court's decision to deny additional time for discovery for an abuse of discretion." *Fed. Nat'l Mortg. Assoc. v. Daniels*, No. W2015-00999-COA-R3-CV, 2015 WL 9304278, at *4 (Tenn. Ct. App., filed Dec. 21, 2015) (citing *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009)); *Gilchrist v. Aristorenas*, No. W2007-01919-COA-R3-CV, 2008 WL 4981103, at *4 (Tenn. Ct. App., filed Nov. 24, 2008) ("We review a trial court's refusal to grant a continuance under Rule 56.07 for an abuse of discretion") (citations omitted).

Regarding our standard of review under the "abuse of discretion" standard, the Supreme Court has stated,

The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper,* 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

5

Discretionary decisions must take the applicable law and the relevant facts into account. ***Konvalinka v. Chattanooga– Hamilton County Hosp. Auth.***, 249 S.W.3d 346, 358 (Tenn. 2008); ***Ballard v. Herzke***, 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. ***State v. Lewis***, 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

***Lee Med., Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010).

Regarding our standard of review of a grant of summary judgment, the Supreme Court has recently opined:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness.

> \*     \*     \*

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

***Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015) (italics in original).

In determining whether summary judgment was correctly granted,

> [w]e must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008); ***Luther v. Compton***, 5 S.W.3d 635, 639 (Tenn. 1999); ***Muhlheim v. Knox Cnty. Bd. of Educ.***, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See **White v. Lawrence***, 975 S.W.2d 525, 529 (Tenn. 1998); ***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1995).

***Wells Fargo Bank, N.A. v. Lockett***, No. E2013-02186-COA-R3-CV, 2014 WL 1673745, at *2 (Tenn. Ct. App., filed Apr. 24, 2014).

## IV.

Summary judgment jurisprudence in this state is governed by Tenn. R. Civ. P. 56. A party opposing a properly filed motion for summary judgment and its accompanying statement of material facts as to which the moving party contends there is no genuine issue for trial, *see* Tenn. R. Civ. P. 56.03, must serve and file a response to each fact set forth by the movant not later than five days before the hearing. ***Id.*** Similarly, Rule 56.04 provides that the party opposing summary judgment "may serve and file opposing affidavits not later than five days before the hearing." "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06.

As this Court has observed,

> one method of defeating a properly supported motion for summary judgment is through a request for more discovery:
>
> > [Nonmoving] parties may deflect a summary judgment motion challenging their ability to

prove an essential element of their case by (1) pointing to evidence either overlooked or ignored by the moving party that creates a factual dispute, (2) rehabilitating evidence challenged by the moving party, (3) producing additional evidence that creates a material factual dispute, or (4) *submitting an affidavit in accordance with Tenn. R. Civ. P. 56.07 requesting additional time for discovery*. ***Rains v. Bend of the River***, 124 S.W.3d 580, 587–88 (Tenn. Ct. App. 2003) (citing ***Staples v. CBL & Assoc., Inc.***, 15 S.W.3d 83, 88–89 (Tenn. 2000); ***McCarley v. West Quality Food Serv.***, 960 S.W.2d 585, 588 (Tenn. 1998)).

***Regions Financial Corp. v. Marsh USA, Inc.***, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009) (emphasis added). The interest in full discovery, however, must be balanced against the purpose of summary judgment: "[to] provide[ ] a quick, inexpensive way to conclude cases when there exists no dispute regarding the material facts." ***Hannan v. Alltel Publishing Co.***, 270 S.W.3d 1, 13 (Tenn. 2008).

***Cardiac Anesthesia Servs., PLLC v. Jones***, 385 S.W.3d 530, 537 (Tenn. Ct. App. 2012) (emphasis and bracketing in original).

In ***Gilchrist***, we reviewed the trial court's denial of a plaintiff's request for a continuance for more discovery under Rule 56.07, and stated:

If the plaintiff is faced with a motion for summary judgment and is not yet prepared to offer expert proof in response to the motion, he may, under appropriate circumstances, seek a continuance under Rule 56.07 of the Tennessee Rules of Civil Procedure. Rule 56.07 "is intended to serve as an additional safeguard against an improvident or premature grant of summary judgment." ***Kenyon v. Handal***, 122 S.W.3d 743, 753 n. 7 (Tenn. Ct. App. 2003). A court considering a request for a continuance filed under Rule 56.07 must balance the Rule's protective purpose against the potential for its use "to aid parties who have been lazy or dilatory." ***Id***.

8

2008 WL 4981103, at *5 (footnote and internal citations omitted).

Both the language of Rule 56.07, and the appellate opinions construing it, state that an affidavit must be filed in support of a request for more time. For instance, in *Daniels*, we recently said:

> *an affidavit* submitted by a party seeking further discovery pursuant to Rule 56.07 need not contain evidentiary facts related to the substantive merits of the case; rather, it must explain why the nonmoving party has not been able to obtain and present the evidentiary material needed to oppose the summary judgment motion. *Kenyon*, 122 S.W.3d at 753 n.7; *see also* 4 Nancy Fraas MacLean, *Tennessee Practice Series– Rules of Civil Procedure Annotated* § 56:9 (4th ed. 2006) ("The request for a continuance *must be based upon affidavit* stating the reasons why the party is unable to present by affidavit facts essential to justify opposition to the motion for summary judgment."). . . . The statements in Mr. Daniels's affidavit relate solely to the substantive merits of his position; it does not state the reasons why he is unable to present by affidavit the facts needed to oppose FNMA's motion for summary judgment. Thus, because Mr. Daniels failed to comply with Rule 56.07, we conclude that the Circuit Court did not abuse its discretion in denying his request for further discovery.

2015 WL 9304278, at *7 (emphasis added); *see also* **Cardiac Anesthesia Servs.,** 385 S.W.3d at 537.

In the present case, plaintiff did not file an affidavit at all. There is no explanation why he "was not able to obtain and present the evidentiary material needed to oppose the summary judgment motion." ***Id.*** Moreover, not only did he fail to request more time five days or more prior to the summary judgment hearing, he did not request additional time until after the hearing was over. The trial court did not abuse its discretion in deciding this was too late. Under similar circumstances, this Court has held,

> the Trial Court did not abuse its discretion in refusing to allow further discovery. Defendant raised the learned intermediary defense in its answer. Over seventeen months passed before the defendant, relying on Dr. Jeffries' affidavit, moved for summary judgment. The plaintiff waited until the

9

day argument was to be heard on the motion before giving formal notice that he wished to take Dr. Jeffries' deposition. This was some seventy days after the summary judgment motion had been filed. Under these circumstances, we conclude the Trial Judge did not abuse his discretion in denying this motion.

*Harden v. Danek Med., Inc.*, 985 S.W.2d 449, 453-454 (Tenn. Ct. App. 1998); *see also City of Chattanooga v. Hargreaves Assoc., Inc.*, No. E2011-01197-COA-R3-CV, 2012 WL 2353688, at *12, n.10 (Tenn. Ct. App., filed June 21, 2012) (Plaintiffs "did not file a motion for discovery or a motion to continue the hearing. Instead, they waited until the day of the agreed upon hearing date to argue the issue that consideration of the summary judgment motion was premature. . . . [W]aiting until the day of the hearing on a motion for summary judgment to seek additional time is usually too late.").

The purpose of Rule 56.07 is to allow all parties a "reasonable opportunity" to proffer evidence in support of or opposition to a motion for summary judgment. *Int'l Merch. Servs., Inc. v. ATM Central, LLC*, No. W2003-00849-COA-R3-CV, 2004 WL 170392, at *4-5 (Tenn. Ct. App., filed Jan. 27, 2004); *In re Conservatorship of Starnes*, No. W2013-02614-COA-R3-CV, 2014 WL 6977831, at *8 (Tenn. Ct. App., filed Dec. 10, 2014). In this case, plaintiff had such a "reasonable opportunity" to obtain and present evidence from an accident reconstruction expert. When the plaintiff filed his complaint, he was aware that (1) he had no memory of the accident; (2) the other driver had been killed; (3) there were no other witnesses; and (4) the investigating officer's report said that the location of impact could not be determined. Approximately fifteen months elapsed between the filing of the complaint and defendant's motion for summary judgment.

Plaintiff argues that the trial court erred by dismissing his claims without consideration of his "motion for enlargement of time," citing the trial court's statement in its order entered August 6, 2015, that "there has been no designation of any experts or a request for time to get one." This argument is belied by the trial court's order entered August 26, 2015, stating that the case "came to be heard on Monday, August 24, 2015 . . . on the plaintiff's motion for additional time, and it appearing to the court that said motion is not well taken or proper and should be denied." Although the trial court may not have been aware of plaintiff's pending motion at the time it entered its summary judgment order, possibly because it was not filed until *after* the hearing and three days before entry of the court's order, the August 26 order shows that it gave full consideration to plaintiff's motion.

As the trial court correctly observed, there is unfortunately no evidence available to prove the cause of the car accident. Plaintiff relies on the investigating officer's accident report stating that the toxicology report showed hydrocodone and hydromorphone in the decedent's system. Even assuming that decedent was intoxicated or impaired, there is no proof showing a causal link between his condition and the accident. Consequently, the trial court correctly granted summary judgment to defendant.

## V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Christopher Denton. Case remanded for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE