IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 18, 2018 Session

## U.S. BANK NATIONAL ASSOCIATION v. LETITIA ROBERTSON ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003217-16  Gina C. Higgins, Judge**

_____

**No. W2017-01421-COA-R3-CV**

_____

This is an unlawful detainer case. U.S. Bank initiated an action against Letitia and Roderick Robertson in the general sessions court seeking possession of a residential property it had purchased at a foreclosure sale after the Robertsons defaulted on their home loan. The general sessions court issued U.S. Bank a writ of possession, and the Robertsons appealed to the circuit court. The circuit court granted U.S. Bank's motion for summary judgment and writ of possession. The Robertsons appealed to this Court, arguing that the circuit court lacked subject matter jurisdiction over the unlawful detainer claim. Because we have concluded that the circuit court had subject matter jurisdiction, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Drayton D. Berkley, Memphis, Tennessee, for the appellants, Letitia Robertson, and Roderick Robertson.

Edmund S. Sauer and Brian R. Epling, Nashville, Tennessee, for the appellee, U. S. Bank National Association.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On December 23, 2005, Appellants Letitia and Roderick Robertson executed a promissory note evidencing a home loan in the amount of $192,000. The promissory note was secured with a deed of trust on the Robertsons' property at 5255 Lodestone

Loop, Memphis, Tennessee (the "Property")  The beneficiary under the deed of trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for the original lender Mortgage Lenders Network USA, Inc.  The deed of trust listed "Robert M. Wilson" of Wilson & Associates as trustee.[1]  On July 16, 2012, MERS assigned the mortgage to Appellee U.S. Bank.[2]

The Robertsons stopped making payments on the loan, and U.S. Bank initiated foreclosure proceedings.  On July 2, 2014, Wilson & Associates, as trustee, notified the Robertsons that a foreclosure sale was scheduled for August 8, 2014.  The Robertsons responded to U.S. Bank and Wilson & Associates with a "notice of rescission," alleging, *inter alia*, that U.S. Bank had violated the Truth in Lending Act and that it lacked standing to foreclose.

On August 7, 2014, the day before the foreclosure sale, the Robertsons filed a lawsuit (the "2014 Lawsuit") in the chancery court for Shelby County against defendant U.S. Bank, *et al.*, repeating the allegations of the rescission, and asserting various state and federal law claims for relief related to the origination and servicing of their loan. (R. 48-53.) On August 29, 2014, the defendants timely removed the case to federal district court.[3] *See Robertson v. U.S. Bank, N.A.*, No. 14-2677, 2015 WL 12532148, *1 (W.D. Tenn. Oct. 20, 2015).  On October 20, 2015, the district court granted U.S. Bank's motion for summary judgment, dismissing all of the Robertsons' claims. *Id*. at *17.  The Robertsons appealed the decision of the district court to the U.S. Sixth Circuit Court of Appeals.  On August 3, 2016, the Sixth Circuit affirmed the dismissal of the 2014 Lawsuit. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 765 (6th Cir. 2016).

While the Robertsons' appeal of the 2014 Lawsuit was pending, Wilson & Associates foreclosed on the Property, and on April 1, 2016, U.S. Bank purchased the Property at the foreclosure sale.  However, the Robertsons failed to vacate the Property.

On May 17, 2016, U.S. Bank commenced this unlawful detainer action in the general sessions court seeking possession of the Property.  The general sessions court entered judgment in favor of U.S. Bank, and the Robertsons timely appealed to the circuit court.  On January 19, 2017, U.S. Bank filed a motion for summary judgment and writ of possession in the circuit court.  On June 12, 2017, the circuit court entered an order

---

[1] The agreement further specified that in the event of a default and foreclosure sale, possession of the property would be immediately surrendered by the Robertsons, and if not the Robertsons would have the status as a tenants at will.

[2] MERS holds mortgage instruments on behalf of its members, including most of the large financial institutions. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 759 (6th Cir. 2016) (citation omitted). MERS tracks the notes as they are transferred on the secondary market and continues to act as an agent for the owners of the notes. *Id*.

[3] U.S. Bank did not assert a counterclaim in the 2014 Lawsuit.

granting U.S. Bank's motion for summary judgment and writ of possession. The Robertsons timely appealed.

## ISSUES PRESENTED

The Robertsons have raised the following issues on appeal, which we have rephrased as follows:

1. Whether the circuit court lacked subject matter jurisdiction over U.S. Bank's unlawful detainer claim, filed on May 17, 2016, because U.S. Bank filed a notice of removal in a prior law suit between the parties on August 29, 2014?

2. Whether the circuit court lacked subject matter jurisdiction over U.S. Bank's unlawful detainer claim because the district court "retains ancillary enforcement jurisdiction" in these proceedings?

## STANDARD OF REVIEW

The Robertsons' issues raised on appeal relate only to whether or not the circuit court lacked subject matter jurisdiction in this unlawful detainer case. "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, without a presumption of correctness." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712–13 (Tenn. 2012) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

## ANALYSIS

"Jurisdiction is [the] lawful authority of a court to adjudicate a controversy brought before it; jurisdiction of the subject matter is conferred by the constitution and statutes, jurisdiction of the parties is acquired by service of process." *Haley v. Univ. of Tennessee-Knoxville*, 188 S.W. 3d 518, 522 (Tenn. 2006) (quoting *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977)). "Subject matter jurisdiction depends on the nature of the cause of action and the relief sought . . . and can only be conferred on a court by the constitution or a legislative act." *Chapman*, 380 S.W.3d at 712 (citations omitted).

The Tennessee legislature has vested the general sessions and circuit courts with subject matter jurisdiction over unlawful detainer proceedings. *See* Tenn. Code Ann. § 29-18-107 ("All cases of . . . unlawful detainer, may be tried before any one (1) judge of the court of general sessions[.]"); Tenn. Code Ann. § 29-18-108 ("The action for the recovery of the possession of land, as given in this chapter, may also be originally instituted in the circuit court."). The unlawful detainer statute provides that when a lessee remains on leased property after the lease has been terminated, the owner of the property

may bring a cause of action for a writ of possession. *See* Tenn. Code Ann. § 29-18-104. In an unlawful detainer action, the plaintiff must establish "(1) its constructive possession of the property and (2) its loss of possession by [another's] act of unlawful detainer." *See Fed. Nat'l Mortg. Ass'n v. Daniels*, 517 S.W.3d 706, 712 (Tenn. Ct. App. 2015). "When a deed of trust establishes that, in the event of a foreclosure, a landlord/tenant relationship is created between the foreclosure sale purchaser upon the passing of title; that constructive possession provides the basis for maintaining the unlawful detainer." *Id*.

The Robertsons' contend that the circuit court lacked subject matter jurisdiction over U.S. Bank's unlawful detainer action for two reasons. First, the Robertsons argue that U.S. Bank's notice of removal filed in the 2014 Lawsuit had the legal effect of removing U.S. Bank's unlawful detainer claim to federal court.[4] Second, the Robertsons argue that the district court "retains ancillary enforcement jurisdiction," and the ancillary jurisdiction of the federal court precluded the state courts from asserting subject matter jurisdiction over U.S. Bank's unlawful detainer claim. For the reasons discussed herein, we have concluded that both of the Robertsons' arguments are without merit.

## I. REMOVAL UNDER 28 U.S.C. § 1446(d)

It is well established that once a case has been properly removed from state court to federal court, the state court loses all jurisdiction to proceed unless and until the case is remanded. *See* 28 U.S.C. § 1446(d); *B & G Const., Inc. v. Polk*, 37 S.W.3d 462, 465–66 (Tenn. Ct. App. 2000) ([T]he state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court."). The party seeking removal must meet certain federal procedural requirements to effectuate the removal of the case.[5] *Polk*, 37 S.W.3d at 466. Once the federal procedural requirements have been accomplished in a removable case, "[a]ny such further proceeding in the state court in the removed action, unless and until the case is remanded, would be a nullity." *Id*. (quoting 1A Moore's federal Practice § 0.168[3-8-4]).

The Robertsons contend that the state courts lacked subject matter jurisdiction over U.S. Bank's unlawful detainer claim because on August 29, 2014, U.S. Bank filed a notice of removal in the Robertsons' 2014 Lawsuit which contested the foreclosure of the

---

[4] We note that the "argument" on the first "issue" is only five sentences long, including the heading, and it is challenging to follow.

[5] The procedure for removal is set out in the federal statute which states as follows:

> Promptly after filing of such notice of removal of a civil action the defendant or defendants of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

Robertson's real property. They argue that the notice of removal filed by U.S. Bank on August 29, 2014 in the 2014 Lawsuit had the legal effect of removing the unlawful detainer action initiated by U.S. Bank in the general sessions court on May 17, 2016.[6]

We find the Robertsons' argument concerning removal wholly devoid of merit. We agree that when a case has been properly removed to federal court, "[a]ny such further proceeding in the state court **in the removed action**, . . . would be a nullity," *Id.* (quoting 1A Moore's Federal Practice § 0.168[3-8-4]) (emphasis added). However, that is clearly not the situation in the case at bar because the case removed to federal court involved the foreclosure action not the unlawful detainer. The notice of removal filed by U.S. Bank in the prior lawsuit between the parties is irrelevant in these proceedings.

In advancing their argument concerning removal, the Robertsons attempt to persuade this Court that U.S. Bank's unlawful detainer claim is somehow part of the Robertsons' 2014 Lawsuit. According to the Robertsons, the circuit court's judgment awarding possession to U.S. Bank is void because the federal court never remanded the 2014 Lawsuit. We find the Robertsons' argument unconvincing. U.S. Bank never filed a counterclaim for possession in the 2014 Lawsuit. The Robertsons' argument that U.S. Bank somehow removed the unlawful detainer claim when it was never asserted in the 2014 Lawsuit is without merit. Furthermore, U.S. Bank's unlawful detainer claim is founded upon different factual events and a different theory of liability than the claims asserted by the Robertsons in the 2014 Lawsuit. The 2014 Lawsuit was based upon alleged wrongdoings related to the origination and servicing of the Robertsons' home loan. The events providing the factual basis for U.S. Bank's unlawful detainer claim did not even occur until several months after the district court dismissed the 2014 Lawsuit. As stated above, the unlawful detainer statute requires a plaintiff to establish two elements: "(1) its constructive possession of the property and (2) its loss of possession by [another's] act of unlawful detainer." *Daniels*, 517 S.W.3d at 712. The district court dismissed the Robertsons' 2014 Lawsuit on October 20, 2015. U.S. Bank could not have successfully brought an unlawful detainer claim until it purchased the Property at the foreclosure sale on April 1, 2016, and thereafter the Robertsons refused to vacate. Clearly, this is a separate cause of action from the 2014 Lawsuit. The Robertsons' argument concerning removal is likewise without merit.

## II. ANCILLARY ENFORCEMENT JURISDICTION

Next, relying on *Mantley v. Buckantz*, the Robertsons contend that the state courts lacked subject matter jurisdiction over U.S. Bank's unlawful detainer claim because "the federal district court retains ancillary enforcement jurisdiction to determine any detainer action between these parties." *See Mantley, et al. v. Buckantz*, 902 F.2d 1569 (6th Cir.

---

[6] The Robertsons' brief does not elaborate concerning the reasoning behind this argument. The section of the argument section of the brief addressing this "issue" is only four sentences long.

1990). We have concluded that the Robertsons' argument evidences a misunderstanding of the concept of ancillary enforcement jurisdiction. Accordingly, we now turn to offer a basic explanation of the concept of ancillary enforcement jurisdiction. We will then explain why ancillary enforcement jurisdiction and the case law relied upon by the Robertsons is of no consequence in the case at bar

The United States Supreme Court has recognized that a federal court may exercise ancillary enforcement jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authorities, and effectuate its decrees." *See Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–380 (1994)). In *Peacock v. Thomas*, the United States Supreme Court explained the limits of ancillary enforcement jurisdiction as follows:

> We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."
>
> . . .
>
> Our recognition of these supplementary proceedings has not, however, extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment.
>
> . . .
>
> In determining the reach of the federal courts' ancillary jurisdiction, we have cautioned against the exercise of jurisdiction over proceedings that are "entirely new and original," or where "the relief [sought is] of a different kind or on a different principle" than that of the prior decree.

*Peacock*, 516 U.S. at 356–58.

The Robertsons rely on *Buckantz* to support their argument that the state courts lacked jurisdiction because the "federal district court retains ancillary enforcement jurisdiction to determine any detainer action between these parties." *Buckantz*, 902 F.2d 1569. In *Buckantz*,[7] the plaintiff, a tenant operating his landlord's restaurant, sued his landlord in federal court to compel specific performance of an alleged contract to

---

[7] The federal court in *Buckantz* had original jurisdiction over the plaintiff's suit because the plaintiff also alleged several violations of federal statutes, but those claims were dismissed before trial. *Bukantz*, 902 F.2d 1569, at *1.

purchase the restaurant. *Id*. at *1–2. The owner/landlord denied the tenant had a right to purchase the restaurant and filed a counterclaim for rent alleging that the tenant continued to occupy the property despite the expiration of his lease. *Id*. at *1. At trial, the district court ruled in favor of the landlord, but the tenant did not vacate the restaurant. *Id*. Before the district court entered a final order, the owner filed a claim for possession in the district court to evict the tenant, and the court granted summary judgment for the landlord. *Id*. at *1–3. On appeal, the tenant argued that the district court wrongfully exercised ancillary jurisdiction over the unlawful detainer claim. *Id*. at *5. However, the Sixth Circuit Court of Appeals held that the district court had ancillary jurisdiction because it had previously determined issues central to the unlawful detainer case, and "any decision in the unlawful detainer case would have required an interpretation of the district court's opinion in the [first case]." *Id*. at *5.

We are unconvinced that the holding in *Buckantz* has any bearing on the issue of whether the circuit court had subject matter jurisdiction over U.S. Bank's unlawful detainer claim. Unlike the landlord in *Buckantz*, U.S. Bank has never filed a claim for possession of the Property in federal court, and the district court never entered a judgment concerning the ownership or right to possess the Property. We emphasize that ancillary enforcement jurisdiction derives from a federal court's power to enforce its judgments. *See Peacock*, 516 U.S. at 356 ("We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments."). U.S. Bank's unlawful detainer claim has nothing to do with enforcing the federal judgment in the removed case. The foreclosure sale and resulting transfer of constructive possession provided the legal and factual basis for the unlawful detainer claim—not a federal judgment. We, therefore, conclude that the concept of federal ancillary jurisdiction is irrelevant in these proceedings.

## CONCLUSION

For the forgoing reasons, we hold that the circuit court had subject matter jurisdiction. The judgment of the circuit court is affirmed, and this matter is remanded for such further proceedings as may be required.

_____
ARNOLD B. GOLDIN, JUDGE